AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts |
|---|---|

| Name (under which you were convicted):<br>   James Peter Kyricopoulos | Docket or Case No.:<br>1377CR00547 |
|---|---|

| Place of Confinement :  On Probation<br>   Lawrence Superior Court, Probation Dept.<br> 43 Appleton Way, Lawrence, Ma. 01843. | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>  James Peter Kyricopoulos | v. | Respondent (authorized person having custody of petitioner)<br>Marta Mendoza, probation off° and<br>Maura Healey, Attorney General |
|---|---|---|

| The Attorney General of the State of:  Massachusetts, Maura Healey |
|---|

*(clerk's office filed stamp: FILED IN CLERKS OFFICE  U.S. DISTRICT COURT MASS.  2020 FEB 26  1: 43)*

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

      Lawrence Superior Court, 43 Appleton Way

      Lawrence, Massachusetts 01843

  (b) Criminal docket or case number (if you know):   1377CR00547

2.   (a) Date of the judgment of conviction (if you know):  10/21/2014

  (b) Date of sentencing:   10/27/2014

3.   Length of sentence:  3-5 years, 8 years probation plus restitution

4.   In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ❑ No

5.   Identify all crimes of which you were convicted and sentenced in this case:
      multiple counts of larceny.

6.   (a) What was your plea? (Check one)

      ☒ (1)  Not guilty    ❑ (3)  Nolo contendere (no contest)

      ❑ (2)  Guilty       ❑ (4)  Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

     ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Appeals Court , never perfected a Appeal of conviction.

(b) Docket or case number (if you know):    2016-P-0967

(c) Result:    conspired with trial court and Supreme Judicial to deprive the petitioner from the trial transcripts.

(d) Date of result (if you know):    06/07/2017, dismissed lack of prosecution

(e) Citation to the case (if you know):    comm. violated standing ordr no. 09-2.

(f) Grounds raised:    trial court conspiring with appeals court and SJC, DENIED THE PETITIONER THE TRIAL TRANSCRIPTS, YES, THE APPEALS COURT HAD THEM, NO TRANSCRIPTS PETITIONER/appellant.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

     If yes, answer the following:

     (1) Name of court:    Suypreme Judicial Court, single justice.

     (2) Docket or case number (if you know):    SJ-2017-0182

     (3) Result:    denied, already had transcripts, big lie.

     (4) Date of result (if you know):    06/12/2017.

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): Comm. v. Lee, and In Re:Williams, petitioner
see attached Memorandum of Law.

(6) Grounds raised: denied due process on a number of issues, the most
compelling, denying the petitioner to perfect his Appeal of
conviction, kept petitioner imprisoned.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

yes,very relevant.

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Lawrence Superior Court, trial court

(2) Docket or case number (if you know): 1377CR00547

(3) Date of filing (if you know): 07/03/2019

(4) Nature of the proceeding: motion to vacate conviction

(5) Grounds raised: they gave the petitioner his trial transcripts 53 months
after they were ordered, due process violations, and violating
standing order no. 09-2.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

no
☐ Yes   ☒ No

(7) Result: denied withoput a hearing.

(8) Date of result (if you know): 07/11/2019.

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes    ☐  No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?        Filed Emergency Petition for Writ of Mandamusd to SJC of Ma.

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Denied Due Process, to perect an Appeal of conviction.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐  Yes   ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes   ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?   ☐  Yes   ☐  No

(4) Did you appeal from the denial of your motion or petition?   ☐  Yes   ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes   ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:**          Denied Equal Protection of Standing Order no. 09-2, producing
transcripts of trial, per standing order, to proiduce them within 120 days.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner received them almost 3 years after Appeals Court received them,
Appeals Court received them on or about June 21, 2016, petitioner received them on
May 8, 2019, first in history of Commonwealth and any federal court.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No
appealed to full bench of SJC, no. SJC-12824.
(2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):

DENIED, see attached copy of judgment, dated February 21,2020.

attached also is copy of docket entries for Petition, no. SJC-12824.

(3) Did you receive a hearing on your motion or petition?            ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**        BIA AND PREJUDICE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

_____

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                           ☐ Yes          ☐ No

(4) Did you appeal from the denial of your motion or petition?                       ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
       have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?        ❒   Yes        ❒   No

       (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

              ❒   Yes        ❒   No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❑ Yes   ❑ No

(4) Did you appeal from the denial of your motion or petition?          ❑ Yes   ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❑ Yes   ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?      ☐  Yes        ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐   Yes        ☐  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.    _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐   Yes        ☐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:    pro-se all the WAY.

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐  Yes    ☒  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐  Yes    ☐  No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Vacate this state conviction, and dismiss the criminal indictment with prejudice, and restore the petitioner's freedom

without any restraints, and order the trial court to reimburse the restitution that he has already paid, plus any other relief he is entitled to.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  02/25/2020 (date).

_____
Signature of Petitioner                    pro-se

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750;  (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12824

        JAMES PETER KYRICOPOULOS  vs.  COMMONWEALTH.

                    February 21, 2020.


    Supreme Judicial Court, Superintendence of inferior courts.


     James Peter Kyricopoulos appeals from a judgment of the
county court denying, without a hearing, his petition for relief
under G. L. c. 211, § 3.  We affirm.

     Kyricopoulos was convicted in 2014 of multiple counts of
larceny over $250.  He filed a timely notice of appeal.
However, apparently due to delay in the preparation of trial
transcripts and the assembly of the record, the appeal was not
entered in the Appeals Court until 2016.  The appeal was
ultimately dismissed for lack of prosecution in 2017.  See
Kyricopoulos v. Attorney General, 481 Mass. 1024, 1025 (2019).
In his G. L. c. 211, § 3, petition, he sought an order
dismissing the underlying criminal charges, apparently
contending that his appeal was deliberately blocked by the
Appeals Court and others.  A single justice of this court denied
relief and, citing Kyricopoulos's multiple petitions seeking the
same or substantially similar relief, warned him that future
such filings might result in the court's taking remedial
measures, including restrictions on future filings.

     Kyricopoulos has filed what appears to have been intended
as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001).  Rule 2:21 does not apply in
this situation, because Kyricopoulos is not challenging any
interlocutory ruling of the trial court.  It is nonetheless
clear that he is not entitled to review pursuant to G. L.
c. 211, § 3, essentially for the same reasons stated in
Kyricopoulos, supra, and cases cited therein.  His claims that

members of the bar and the judiciary deliberately conspired to delay production of the transcripts and to thwart his appellate rights are unsubstantiated by the record and do not constitute adequate appellate argument.[1]   See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).   Kyricopoulos also alleges that he received improper and dangerous medical treatment while in prison.   These allegations, while serious, are not properly before us and do not provide a basis to disturb the single justice's judgment.   Finally, any claim that Kyricopoulos's convictions should be vacated and the charges dismissed can be raised in a motion pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001).[2]   Where Kyricopoulos had this ordinary remedy, he was not entitled to invoke the court's extraordinary superintendent power.

In sum, based on the record before us, the single justice did not err or abuse her discretion by denying relief under G. L. c. 211, § 3.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.
James Peter Kyricopoulos, pro se.

---

[1] Moreover, despite our advising Kyricopoulos that his "pejorative remarks about various individuals involved with his case . . . are inappropriate and do not in any way enhance his position," Kyricopoulos v. Attorney General, 481 Mass. 1024, 1025 n.4 (2019), Kyricopoulos has continued to make similarly pejorative remarks about the single justice and others.

[2] It appears from the Superior Court record that Kyricopoulos did in fact file a motion pursuant to Mass. R. Crim. P. 30, and, when that motion was denied, timely appealed. An appeal from the denial of that motion was entered in the Appeals Court on September 11, 2019, and voluntarily withdrawn with prejudice by Kyricopoulos.

**SUPREME JUDICIAL COURT**
**for the Commonwealth**
**Case Docket**

JAMES PETER KYRICOPOULOS vs. COMMONWEALTH
THIS CASE CONTAINS IMPOUNDED MATERIAL OR PID
SJC-12824

## CASE HEADER

| | | | |
|---|---|---|---|
| Case Status | Decided (Rescrpt Opinion) | Status Date | 02/21/2020 |
| Nature | Superintendence, c211, s3 | Entry Date | 10/16/2019 |
| Appellant | Plaintiff | Case Type | Civil |
| Brief Status | | Brief Due | |
| Quorum | | | |
| Argued Date | | Decision Date | 02/21/2020 |
| AC/SJ Number | SJ-2019-0370 | Citation | |
| DAR/FAR Number | | Lower Ct Number | SJ-2019-0370 |
| Lower Court | SJC for Suffolk County | Lower Ct Judge | Elspeth B. Cypher, J. |
| Route to SJC | Direct Entry: Appeal from Single Justice Order/Judgment | | |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| James Peter Kyricopoulos<br>Pro Se Petitioner/Appellant<br>Mem. & Appx. under Rule 2:21 | |
| Commonwealth<br>Respondent/Appellee<br>Awaiting red brief<br>Due 12/26/2019 | Catherine L. Semel, A.D.A. |

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 10/16/2019 | #1 | Entered. (This matter is opened conditioned upon the filing of a motion to waive the entry fee or receipt of the entry fee within 10 days.) |
| 10/23/2019 | #2 | MOTION to Waive Filing Fee, filed for James Peter Kyricopoulos by James Peter Kyricopoulos, Pro Se Petitioner/Appellant. (The appellant shall file an affidavit of indigency within 10 days to support the motion to waive the filing fee.) |
| 10/23/2019 | #3 | MOTION to vacate Superior Court's Order, filed for James Peter Kyricopoulos by James Peter Kyricopoulos, Pro Se Petitioner/Appellant. (Referred to the Quorum) |
| 10/23/2019 | #4 | NOTICE to enter appeal, filed by James Peter Kyricopoulos. |
| 10/28/2019 | #5 | MOTION to file non-conforming papers, filed for James Peter Kyricopoulos by James Peter Kyricopoulos, Pro Se Petitioner/Appellant, Pro Se. (ALLOWED) |
| 10/23/2019 | #5.5 | MOTION to Waive Filing Fee with Affidavit of Indigency, filed for James Peter Kyricopoulos by James Peter Kyricopoulos, Pro Se Petitioner/Appellant. (ALLOWED forthwith. See SJ-2019-0370.) |
| 10/28/2019 | #6 | (Second copy) MOTION to vacate Superior Court's Order, filed for James Peter Kyricopoulos by James Peter Kyricopoulos, Pro Se Petitioner/Appellant, Pro Se. (No action necessary.) |
| 10/28/2019 | #7 | SERVICE of Memorandum & Appendix in Rule 2:21 appeal, filed by James Peter Kyricopoulos. |
| 10/31/2019 | #8 | Addendum to Memorandum of Law, filed by James Peter Kyricopoulos. |
| 11/04/2019 | #9 | (IMPOUNDED) Affidavit of indigency of James Peter Kyricopoulos. |
| 11/12/2019 | #10 | Petitioner/Appellant's Addendum, filed by James Peter Kyricopoulos. (Faxed copy received) |
| 11/25/2019 | #11 | Petitioner/Appellant's Addendum, filed by James Peter Kyricopoulos. (Faxed copy received) |
| 12/06/2019 | #12 | Petitioner/Appellant's Addendum, filed by James Peter Kyricopoulos. (Faxed copy received) |
| 02/21/2020 | #13 | RESCRIPT (Rescript Opinion): Judgment affirmed. (By the Court) |

As of 02/21/2020 10:20am